﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 190422-8137
DATE: February 28, 2020

REMANDED

Entitlement to a total disability rating based on individual unemployability (TDIU) is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Navy from July 1967 to April 1971.

This matter comes before the Board on appeal from an April 2019 rating (“higher level review”) of the Decision Review Operations Center (DROC). In appealing that decision to the Board, the Veteran requested “direct review” of the evidence the DROC had considered as the Agency of Original Jurisdiction (AOJ). Therefore, usually no additional, including more recent, evidence may be considered by the Board. It is permissible, however, to further develop the claim if, as here, there were pre-decisional, duty-to-assist, errors that need correcting.

 

Entitlement to a TDIU is remanded.

The Veteran has the following service-connected disabilities and respective ratings for them: posttraumatic stress disorder (PTSD), rated as 50-percent disabling; Type II Diabetes Mellitus, rated as 20-percent disabling; several complications of the diabetes, namely, Peripheral Neuropathy affecting the sciatic nerve of the right lower extremity, rated as 20-percent disabling; Peripheral Neuropathy affecting the sciatic nerve of the left lower extremity, rated as 20-percent disabling; Peripheral Neuropathy affecting the femoral nerve of the left lower extremity, rated as 20-percent disabling; and Peripheral Neuropathy affecting the femoral nerve of the right lower extremity, rated as 20-percent disabling; also tinnitus, rated as 10-percent disabling; and erectile dysfunction (ED) as an additional complication of the diabetes, rated as 0-percent disabling, so noncompensable. However, he receives special monthly compensation (SMC) for the ED, on account of loss of use of a creative organ, and he has had a combined 90 percent rating for these service-connected disabilities effectively since June 26, 2018.

On his November 2018 TDIU application (on VA Form 21-8940), the Veteran indicated that he had worked as a train/railroad conductor from 1971 (so since the year of his discharge from the military) until September 2008, but that he cannot work because of his service-connected PTSD and the complications of his diabetes that cause pain in his feet, legs, and back. He added that he also has trouble with his hearing (so seemingly referring to his service-connected tinnitus) and that he has no sense of smell.

According to a December 2018 Request for Employment Information in Connection with Claim for Disability Benefits (VA Form 21-4192), obtained from the Veteran’s prior employer, Burlington Northern Santa Fe (BNSF) Railroad, he “retired” from that job in 2008.

A Diabetes Mellitus Disability Benefits Questionnaire (DBQ) also completed in December 2018 and based on an in-person examination of the Veteran indicates his diabetes and complications impact his ability to work and did when he worked as a railroad conductor before retiring in 2008. The DBQ explains that he has increased pain of both feet associated with diabetes neuropathy.

In an accompanying individual unemployability statement, also dated in December 2018, it was indicated that it is at least as likely as not (50 percent or greater probability) that related to the Veteran’s service-connected conditions he is able to perform “light work” in a normal 8-hour work day. The form also gives examples of what that “light work” designation might entail.

In initially denying this claim in March 2019, the local regional office (RO) acknowledged the Veteran was no longer employed, but that it was not due to his service-connected disabilities (apparently referring to his retirement in 2008).

After electing the “higher-level review” option of the Appeals Modernization Act (AMA), the DROC continued to deny the claim in the April 2019 rating decision at issue partly on the same premise – that being the Veteran had not been found unemployable owing to his service-connected disabilities. The DROC concluded the service-connected disabilities impact, but do not prevent/preclude, employment, so the Veteran was still considered capable of gainful employment. Apparently, the latter determination also was based on the fact that, according to a VA medical center (VAMC) record dated in October 2018, the Veteran was then currently was working at a state park doing maintenance. 

However, although the Veteran did not list that additional employment when submitting his November 2018 TDIU application, the RO did not conduct any additional development regarding the nature of this additional employment. Moreover, in the recent February 2020 Informal Hearing Presentation (IHP), the Veteran’s representative clarified that that employment with the park service was merely “temporary” and, in any event, at most marginal rather than substantially gainful employment. See 38 C.F.R. §§ 4.16(a), 4.18.

 

Accordingly, this claim is REMANDED for the following action:

Contact the Veteran and ask him to complete a new VA Form 21-8940 or other appropriate form regarding his complete work history (including his additional work, even if just temporary, at the state park reportedly doing maintenance). Associate any response with this additional information with his claims file. Thereafter, conduct any other necessary development regarding his claim for a TDIU, including further development regarding the nature of his employment at the state park and determining whether that was just marginal versus substantially gainful employment.

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Baronofsky

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.